UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 1 4 2016 ★
BROOKLYN OFFICE

------------------------------------------------------------ X

KAREN FRANK-SHAEVICH,

                  Plaintiff,

**MEMORANDUM & ORDER**

- against -

15 Civ. 6990 (AMD) (SMG)

UNITED ARTISTS THEATRE CIRCUIT, INC.,
MAJESTIC GERP LLC., QUEENS GERP
LLC., and STREET RETAIL FOREST HILLS
I, LLC

                  Defendants.

------------------------------------------------------------ X

**DONNELLY, District Judge.**

The New York plaintiff, Karen Frank-Shaevich, alleges that she was injured after she tripped on frayed carpeting inside a movie theater. She brought suit in Queens County on May 26, 2015, against Majestic GERP LLC and Queens GERP LLC ("the owner defendants") and against their lessee United Artists Theatre Circuit, Inc. ("United Artists").[1] The defendants removed the case on December 9, 2015. Because the owner defendants are New York corporations, I directed the parties to brief the issue of federal subject matter jurisdiction.[2] The defendants filed a motion to dismiss the owner defendants and opposed remand.[3] For the reasons

---

[1] The prior owner, Street Retail Forest Hills I, LLC, was dismissed by stipulation. Ex. D to Defs.' Mot. (ECF No. 6-6).

[2] The plaintiffs were directed to reply by January 29, 2016, a date subsequent to the issuance of this opinion.

[3] Contrary to my instructions at the December 16, 2015 status conference, the defendants framed their submission as a motion to dismiss, and included matters outside the pleadings. I exclude all matters outside the pleadings, excepting the July 29, 1997 lease and the associated exhibits, amendments, and tenant notice letter, Ex. E to Defs.' Mot. in Supp. of Subject Matter Jurisdiction, July 8, 2016 (ECF No. 6-6), which I construe as submitted exclusively in support of subject matter jurisdiction. I thus do not treat the defendant's motion as one for summary judgment under Rule 56.

1

described below, the defendants' motion to dismiss the owner defendants is denied. This Court does not have subject matter jurisdiction over this case, and this case is remanded to state court.

## DISCUSSION

There does not appear to be any dispute that if the owner defendants, as citizens of New York, are proper parties to the action, their presence destroys diversity of citizenship, and as a result deprives the district court of subject matter jurisdiction under 28 U.S.C. § 1332 (which requires complete diversity between all plaintiffs and all defendants) and thus defeats the defendants' petition for removal. 28 U.S.C. § 1441. The defendants, however, claim that the owner defendants are fraudulently joined and thus their citizenship should not be considered in determining jurisdiction.

It is, of course, true that a plaintiff may not defeat the defendants' right of removal and a federal court's diversity jurisdiction "by merely joining as defendant parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998). However, defendants asserting "fraudulent joinder" face a "heavy burden." *Id.* at 461. In order to show that non-diverse defendants are fraudulently joined, the defendants must show by clear and convincing evidence that there is "no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant[s] in state court."[4] *Id.* The federal court is to resolve "any uncertainties in applicable state law" in the plaintiff's favor, and is to subject the complaint to a "less searching scrutiny" than applied on a motion to dismiss for failure to state a claim. *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000); *see also Ehrenreich v. Black*, 994 F. Supp. 2d 284, 289 (E.D.N.Y. 2014) ("Any possibility

---

[4] Alternatively, the defendants can show by clear and convincing evidence that an outright fraud was committed in the plaintiff's pleadings. *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). The defendants do not make that argument.

2

of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted.") (citation omitted).

The defendants invoke the out-of-possession doctrine to support their claim that the plaintiff cannot recover against the non-diverse owner defendants. Under New York law, an out-of-possession property owner is not liable for injuries that occur on the property unless the owner retained control over the property or is obligated by contract to perform repairs and maintenace. *Grippo v. City of New York*, 45 A.D.3d 639, 640 (2d Dep't 2007); *see also Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 461 (S.D.N.Y. 2008) ("It is well-established in New York case law that '[a]n out-of-possession property owner is not liable for injuries that occur on the property unless the owner has retained control over the premises or is contractually obligated to perform maintenance and repairs.'") (citing *Grippo*, 45 A.D.3d at 640). To prevail on this theory, the owners must have "*completely* parted with control of the building." *Williams v. Matrix Fin. Servs. Corp.*, 158 F. App'x 301, 302 (2d Cir. 2005) (citing *Bonifacio v. 910-930 Southern Blvd. LLC*, 295 A.D.2d 86, 90 (1st Dep't 2002)). Retention of the right of reentry may preclude a finding that landlords have "completely parted with control of the building." *See Bonifacio*, 295 A.D.2d at 90 ("retention of a right of re-entry is merely one way an owner may maintain a degree of control.").

Resolving all ambiguities in the plaintiff's favor, the defendants have not met their heavy burden of establishing, based on the pleadings, that there is no possibility that the plaintiff could recover against the owner defendants. According to the plaintiff, the theater's damaged carpeting caused her to trip and fall, and the owner defendants were responsible for repairing the theater's flooring. The plaintiff alleges further that the owner defendants retained some amount of control (either in fact or by contract) over the property, an allegation that the commercial lease

3

does not foreclose. The commercial lease provides that it is the tenant's responsibility to "maintain the interior of the Premises," and lists specific items governed by that provision;[5] the lease does not address carpet repair. Moreover, the terms of the lease prohibit the tenant from making any "alterations that adversely affect the operation of the Building without Landlord's consent, and require the landlord to perform periodic maintenance and make all structural repairs." Lease at 13 (ECF No. 6-6). Under these circumstances, the defendants have not proven by clear and convincing evidence that the plaintiff has no possibility of recovery against the owner defendants. Accordingly, I find that the owner defendants were not fraudulently joined.

## CONCLUSION

The defendants' motion to dismiss the owner defendants is **DENIED**. There is not complete diversity between the plaintiff and all defendants, so this Court does not have subject matter jurisdiction over this case; it is therefore **REMANDED** to state court.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
January 14, 2016

---

[5] "[I]ncluding, without limitation, all fixtures, the ticket booth, plate glass, furnishings, equipment, doors, windows, molding trim, window frames, closure devices, door and window hardware and Premises HVAC systems exclusively serving the Premises . . ." Lease at 13 (ECF No. 6-6).

4